UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN POULSEN<br>520 Third Street, Suite 305<br>San Francisco, CA 94107,<br>               Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br>Washington, DC 20528,<br>               Defendant,<br><br>   and<br><br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY<br>77 Massachusetts Avenue<br>Cambridge, MA 02139,<br>               Intervenor-Defendant. | Case No.  13-0498(CKK) |

## ANSWER OF INTERVENOR-DEFENDANT
## MASSACHUSETTS INSTITUTE OF TECHNOLOGY

The Massachusetts Institute of Technology ("MIT"), applicant to be an intervenor in the above-captioned action, answers specifically the numbered paragraphs of Plaintiff Kevin Poulsen's complaint using Plaintiff's numbering system as follows:

    1.    This paragraph contains Plaintiff's legal conclusions to which no response is required.

    2.    This paragraph contains Plaintiff's legal conclusions to which no response is required.  Insofar as a response is required, MIT states that, to the extent that this is an action under the Freedom of Information Act, 5. U.S.C. § 522, as amended ("FOIA"), to obtain access to records allegedly in the possession of the Department of Homeland Security ("DHS"), MIT admits that this Court has jurisdiction to review a final agency action denying Plaintiff's access to such records and that venue is proper in this district.

3. MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. MIT admits that DHS is a department of the Executive Branch of the government of the United States and an agency within the meaning of 5 U.S.C. § 522(f) and that the United States Secret Service (the "Secret Service") is a component of DHS.

5. MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5. Answering further, MIT avers that the allegations in paragraph 5 purport to characterize the terms of Plaintiff's January 14, 2013 letter to the Secret Service, and no response is required because the letter speaks for itself.

6. MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6. Answering further, MIT avers that the allegations in paragraph 6 purport to characterize the terms of the Secret Service's February 26, 2013 letter to Plaintiff, and no response is required because the letter speaks for itself.

7. MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7. Answering further, MIT avers that the allegations in paragraph 7 purport to characterize the terms of Plaintiff's March 1, 2013 letter to the Secret Service, and no response is required because the letter speaks for itself.

8. MIT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8. Further, this paragraph contains Plaintiff's legal conclusions to which no response is required.

9. MIT repeats its responses to paragraphs 1 through 8 of Plaintiff's complaint.

10. This paragraph contains Plaintiff's legal conclusions to which no response is required.

11. This paragraph contains Plaintiff's legal conclusions to which no response is required.

12. This paragraph contains Plaintiff's legal conclusions to which no response is required.

The remaining paragraph constitutes Plaintiff's request for relief for which no response is required. MIT denies each and every allegation made in the complaint not expressly admitted herein.

### Additional Defenses

MIT has reason to believe that encompassed within the records sought by Plaintiff's is information that, if released in unredacted form, could jeopardize the safety of MIT community and make its network more vulnerable to cyberattacks. This information is protected under FOIA, the Privacy Act, and the Trade Secrets Act. Accordingly, while MIT does not oppose DHS's disclosure to Plaintiff of all responsive records, Plaintiff is not entitled to an order requiring DHS to make such protected information available to Plaintiff.

WHEREFORE, having fully answered, MIT respectfully requests that this Court establish a process for review and release of the documents, dismiss Plaintiff's complaint to the extent that it seeks disclosure of information that identifies MIT's employees or community members or that would reveal vulnerabilities in its network security, and grant such additional relief as the Court may deem appropriate.

By: /s/ Patrick J. Carome
PATRICK J. CAROME (DC Bar No. 385676)
LAURA M. HUSSAIN (DC Bar No. 988151)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel.: (202) 663-6000

                                        Fax: (202) 663-6363
                                        Patrick.Carome@wilmerhale.com
                                        *Counsel for Movant-Intervenor*
                                        *Massachusetts Institute of Technology*

Dated: July 18, 2013