UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
**KEVIN POULSEN**
520 Third Street, Suite 305
San Francisco, CA 94107

      Plaintiff,

        Case No: 13-cv-00498(CKK)

    v.

**DEPARTMENT OF HOMELAND SECURITY**
Washington, DC 20258

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JSTOR'S MOTION TO INTERVENE AND IN SUPPORT OF ORDER FOR REDACTIONS**

Dated: July 19, 2013

Of Counsel:

Jeremy Feigelson
Jared I. Kagan
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
212-909-6000
jfeigels@debevoise.com
jikagan@debevoise.com

Timothy K. Beeken [Member of
 D.D.C., not of D.C. Bar]
Bruce E. Yannett [D.C. Bar # 416306]
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
beyannett@debevoise.com

*Counsel for Non-Party Ithaka Harbors,
Inc. d/b/a JSTOR*

23937839v01

## **TABLE OF CONTENTS**

FACTS ...........................................................................................................................................1

ARGUMENT .................................................................................................................................3

I.  JSTOR SHOULD BE ALLOWED TO INTERVENE ........................................................3

    A.  Intervention As Of Right Is Fully Supported ..................................................3

    B.  JSTOR Should Be Granted Permission To Intervene .....................................5

II. THE COURT SHOULD ORDER REDACTIONS CONSISTENT WITH THE
    ORDER OF THE FEDERAL COURT IN BOSTON ..............................................................6

CONCLUSION ..............................................................................................................................7

## **TABLE OF AUTHORITIES**

**CASES**

*Appleton v. Food and Drug Administration,*
　　310 F. Supp. 2d 194 (D.D.C. 2004) ...................................................................... 3, 4, 5

*Dow Jones & Co., Inc. v. U.S. Dep't of Justice,*
　　161 F.R.D. 247 (S.D.N.Y. 1995) .............................................................................. 4, 5

*Fund for Animals, Inc. v. Norton,*
　　322 F.3d 728 (D.D.C. 2003) ......................................................................................... 5

*U.S. v. Am. Tel. and Tel. Co.,*
　　642 F.2d 1285 (D.C. Cir. 1980) .................................................................................... 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 24 ...................................................................................................... 3, 4, 5

Ithaka Harbors, Inc., the not for profit organization that operates the JSTOR digital library ("JSTOR"), submits this memorandum in support of its motion to intervene pursuant to Federal Rule of Civil Procedure 24.  Plaintiff sues under the Freedom of Information Act ("FOIA") to compel the release of the U.S. Secret Service's files concerning the late Aaron Swartz.  The Secret Service was the lead investigative agency in a high-profile federal criminal case in Boston that arose out of attempts by Mr. Swartz to download the JSTOR database.

JSTOR supports the release of documents concerning Mr. Swartz.  JSTOR seeks to intervene solely to ensure that the documents are redacted prior to release in order to protect the safety and security of JSTOR and its personnel.  The court in the Boston case has ordered redaction of documents in that case prior to public release.  JSTOR asks this Court to take the same approach.

## Facts

JSTOR is a not-for-profit digital library that provides access to scholarly journals, books and primary sources to people around the world.  The library includes more than 1,700 journals that JSTOR has digitized, preserves and makes accessible. Most of the archived content is under copyright and is made available through JSTOR with the permission and cooperation of over 800 scholarly societies, universities, and academic publishers.  People can access the archive content through more than 8,000 higher education, cultural, and government institutions as well as public libraries in 167 countries worldwide.  JSTOR is freely accessible at 741 institutions in 50 developing nations.  JSTOR also provides free public access on the Web to more than 500,000 out-of-copyright articles.  Millions of articles from 1,200 journals are also available for free reading online by anyone who registers with JSTOR.  *See* Ex. 1, ¶ 2 to the accompanying Declaration of Kevin Guthrie (July 16, 2013) ("Guthrie Decl.").

In late 2010, Aaron Swartz downloaded a significant portion of the JSTOR archive through his use of the facilities of Massachusetts Institute of Technology ("MIT"). The authorities arrested Mr. Swartz. JSTOR negotiated a civil settlement with Mr. Swartz. JSTOR then advised the U.S. Attorney's Office for the District of Massachusetts that it had no interest in further proceedings. Guthrie Decl. Ex. 1, ¶ 3.

A federal grand jury in the District of Massachusetts then indicted Mr. Swartz. *See generally U.S. v. Swartz*, Crim. No. 11-cr-10260-NMG (D. Mass.) (the "Boston Case"). The United States Secret Service was the lead investigative agency in the Boston Case. JSTOR received a number of grand jury and trial subpoenas in the Boston Case, to which it responded as required under law by producing certain JSTOR records. JSTOR produced those records either under grand jury confidentiality or under a protective order. Guthrie Decl. Ex. 1, ¶ 4.

On January 11, 2013, Mr. Swartz tragically took his own life. The government subsequently dismissed the Boston Case. The prosecution of Mr. Swartz has become a matter of intense public interest. There has been widespread coverage in the traditional media, including the front page of The New York Times, as well as a tremendous amount of online commentary. JSTOR appreciates the legitimate public interest in the case, and plans to voluntarily release its own case documents publicly in redacted form. Guthrie Decl. ¶ 4 & Ex. 1, ¶ 5.

On March 15, 2013, Mr. Swartz's estate made a motion in the Boston Case to modify the protective order in that case so that discovery materials could be made publicly available. JSTOR supported lifting the protective order, including as to its own documents, to enable increased public understanding. The public response to Mr. Swartz's death has included instances of hacking, threatening messages and other troubling incidents. JSTOR therefore moved to intervene in the Boston case and requested that names and identifying details of its

personnel be redacted in order to reduce the risk of harassment and harm to JSTOR and its personnel.  MIT made a similar application to the Boston court.  The U.S. Attorney's Office in Boston took a position similar to JSTOR's and to MIT's.  Guthrie Decl. ¶¶ 5-6 & Ex. 1, ¶¶ 7-8.

On May 13, 2013, the court in the Boston Case granted JSTOR's and MIT's motions and accepted the arguments in support of redaction.  The court ordered that the protective order be modified to allow discovery materials to be made publicly available, but with appropriate redactions.  Guthrie Decl. Exs. 2, 3.  At present, JSTOR is actively working with the Boston U.S. Attorney's Office, with MIT and with Mr. Swartz's counsel to ensure that a redacted set of documents from the Boston Case is made available to the public.  Guthrie Decl. ¶ 7.

JSTOR recently learned about this Court's order dated July 5, 2013 requiring release of the Secret Service's files on Mr. Swartz.  JSTOR is not directly familiar with the contents of the Secret Service's files on Mr. Swartz that are being sought in this case.  But given the Secret Service's role as lead investigative agency in the Boston case, it is likely that the files include references to JSTOR's personnel and systems.  Accordingly, JSTOR now seeks to intervene in this case, and seeks an order requiring that any documents referencing JSTOR be redacted consistent with the approach ordered in the Boston Case.  Guthrie Decl. ¶ 8.

<u>Argument</u>

I. **JSTOR Should Be Allowed To Intervene**

JSTOR should be allowed to intervene as of right under Federal Rule of Civil Procedure 24(a) and, in the alternative, it should be allowed to intervene by permission under Rule 24(b).

A. **Intervention As Of Right Is Fully Supported**

JSTOR qualifies for intervention as of right under Rule 24(a).  Third parties like JSTOR have been allowed to intervene as of right in FOIA actions where, as here, the proposed release of documents would affect their interests.  *See Appleton v. Food and Drug Administration*, 310

F. Supp. 2d 194 (D.D.C. 2004) (manufacturers that submitted new drug applications to the FDA allegedly containing trade secrets had right to intervene in FOIA case where release of application documents was sought); *Dow Jones & Co., Inc. v. U.S. Dep't of Justice*, 161 F.R.D. 247 (S.D.N.Y. 1995) (widow of government official allowed to intervene as of right where privacy of late husband's communications was at stake in FOIA action).  Here, it is likely that the release of unredacted documents would result in the disclosure of the names of JSTOR personnel and/or disclosure of details about JSTOR's systems, therefore making JSTOR and its people more vulnerable to attack.  Guthrie Decl. ¶ 8.  JSTOR should be permitted to intervene to ensure that appropriate redactions are made prior to release of the documents.

JSTOR satisfies the four requirements for intervention as of right under Rule 24(a), as set forth in *Appleton*, 310 F. Supp. 2d at 196:

(1) "[T]imeliness of the motion": JSTOR has moved to intervene in a timely fashion, less than two weeks after it learned of this Court's July 5 order.  *See Appleton*, 310 F. Supp. 2d at 197 (motion for intervention filed within two months of notification of the action was timely).

(2) "[W]hether the applicant claims an interest relating to the property or transaction which is the subject of the action": JSTOR's interest is the possibility that the release of documents containing names and identifying details of JSTOR's employees, or details about JSTOR's systems, could create a safety risk to the organization and its personnel.

(3) "[W]hether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest": Without being allowed to intervene, JSTOR would have no ability to review the Secret Service documents prior to their release.  If the documents were released without prior review by JSTOR, the horse would be permanently out of the barn:  Names of JSTOR personnel, and identifying details about

4

JSTOR's systems, would be available to the public and could not effectively be made private again after the fact.

(4) "[W]hether the applicant's interest is adequately represented by existing parties": Neither existing party fully shares JSTOR's interests. In contrast to JSTOR's interest in protecting the safety and privacy of its employees and of its network information, Plaintiff's stated primary interest lies in disclosure and Defendant's interest lies in satisfying its statutory disclosure obligations. *See Appleton*, 310 F. Supp. 2d at 197. Moreover, the redaction process may be complex, and JSTOR is uniquely situated to identify details in the documents that – if not redacted – could compromise the safety or security of its personnel or systems. Guthrie Decl. ¶ 7.[1]

Because all the relevant factors are satisfied, JSTOR has a right to intervene in this action pursuant to Rule 24(a).[2]

### B. JSTOR Should Be Granted Permission To Intervene

Alternatively, JSTOR should be allowed to intervene by permissive intervention under Rule 24(b). *See Dow Jones & Co.*, 161 F.R.D. at 254 (granting in the alternative applicant's motion to intervene under Rule 24(b) in FOIA action). Rule 24(b) authorizes intervention for an applicant who files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Additionally, Rule 24(b) requires that intervention not unduly delay or prejudice the rights of the existing parties. Fed. R.

---

[1] Counsel for the Secret Service has informally advised JSTOR that it supports the protection of JSTOR's confidential information. But this is not the same as sharing JSTOR's interest, nor does the Secret Service have the same ability as JSTOR to spot information that might be damaging to JSTOR if released. *See U.S. v. Am. Tel. and Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980) (intervenor's interest not adequately represented where interest was "similar" but not "identical" to that of an existing party).

[2] For the reasons discussed above, JSTOR also has Article III standing. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732-33 (D.D.C. 2003).

Civ. P. 24(b)(3).  As discussed above, JSTOR has an interest in this case, which will be finally determined by this suit.  Additionally, the proposed intervention will not cause undue delay or prejudice to the existing parties, as documents that relate to JSTOR may be identified at the same time that Defendant makes determinations concerning which documents are responsive to Plaintiff's FOIA request, and JSTOR is prepared to work with the parties to ensure that redactions are carried out promptly.

## II.     The Court Should Order Redactions Consistent With The Order Of The Federal Court In Boston

Judge Gorton's order in the Boston Case provides an appropriate template for protecting JSTOR's interests here, and following that approach in this case would be fully consistent with FOIA.  Uniform treatment of documents is favored under FOIA when the same confidentiality interest is before different courts.  *See* U.S. Department of Justice, Freedom of Information Act Guide (May 2004) <http://www.justice.gov/oip/litigation.htm> (last accessed July 17, 2013) (collecting authorities).[3]  JSTOR therefore requests that this Court order that, in this case, the Secret Service must give JSTOR the opportunity to review any JSTOR-related documents prior to their public release, and that JSTOR is authorized to redact those documents consistent with the standards set forth in Judge Gorton's opinion and order in the Boston Case.

---

[3] The DOJ Guide states: "The judicial doctrine of forum non conveniens, as codified in 28 U.S.C. § 1404(a), can permit the transfer of a FOIA case to a different judicial district.  The courts have invoked this doctrine to transfer FOIA cases under a variety of circumstances.  Similarly, when the requested records are the subject of pending FOIA litigation in another judicial district, the related doctrine of 'federal comity' can permit a court to defer to the jurisdiction of the other court, in order to avoid unnecessarily burdening the federal judiciary and delivering conflicting FOIA judgments." (footnotes and citations omitted)  Here, the interests of comity and consistency do not require transfer of the case to Boston, but would be satisfied by an order that allows intervention by JSTOR and requiring the parties and intervenor to proceed consistent with the Boston court's opinion and order.

**Conclusion**

For the foregoing reasons, JSTOR should be allowed to intervene, and the Court should order that documents be produced by Defendant only after JSTOR is permitted to review and redact any JSTOR-related documents consistent with Judge Gorton's opinion and order. JSTOR understands that the Court has schedule a conference in this matter for July 23, 2013 and asks for leave to participate.

JSTOR has requested consent to this motion from the parties. Plaintiff has advised that at this time he takes no position, but reserves the right, upon review of the motion, to file an appropriate response within the time provided by the Court's rules. Defendant has advised that it consents to JSTOR's intervention. Neither party has stated any position with respect to the relief sought by JSTOR.

Dated: July 19, 2013                                    Respectfully submitted,

                                                         /s/ Timothy K. Beeken
                                                         By: Timothy K. Beeken [Member of
                                                             D.D.C., not of D.C. Bar]
                                                         Bruce E. Yannett [D.C. Bar # 416306]

                                                         DEBEVOISE & PLIMPTON LLP
Of Counsel:                                              919 Third Avenue
                                                         New York, New York 10022
Jeremy Feigelson                                         (212) 909-6000
Jared I. Kagan                                           tkbeeken@debevoise.com
DEBEVOISE & PLIMPTON LLP                                 beyannett@debevoise.com
919 Third Avenue
New York, New York 10022
(212) 909-6000                                           *Counsel for Non-Party Ithaka Harbors, Inc.*
jfeigels@debevoise.com                                   *d/b/a JSTOR*
jikagan@debevoise.com

7