UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiff,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:　Crim. No 11-CR-10260-NMG
　　　　　　v.　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
AARON SWARTZ,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendant.　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF KEVIN GUTHRIE

　　　Kevin Guthrie declares:

　　　1.　　I am President of Ithaka Harbors, Inc., a nonprofit organization that operates the JSTOR digital library (referred to here simply as "JSTOR"). I submit this declaration on personal knowledge in support of JSTOR's motion to intervene and its response to the motion to modify the protective order in this case.

　　　2.　　JSTOR is a not-for-profit digital library that provides access to scholarly journals, books, and primary sources to people around the world.  The JSTOR library includes more than 1,700 journals that JSTOR has digitized, preserves and makes accessible. Most of the archive journal content is under copyright and is made available with the permission and cooperation of over 800 scholarly societies, universities, and academic publishers. People can access the archive content through more than 8,000 higher education, cultural, and government institutions as well as public libraries in 167

countries worldwide. JSTOR is freely accessible at 741 institutions in 50 developing nations. Free public access is also available openly on the web to more than 500,000 out of copyright articles; millions of articles from 1,200 journals are also available for free reading online for anyone who registers with JSTOR.

3. In late 2010, there were a number of instances of large-scale downloading from the JSTOR database through the computer systems of MIT. We later learned that Aaron Swartz was responsible for the downloading. JSTOR negotiated a civil settlement with Mr. Swartz. He turned over the hard drives containing the materials he had downloaded and certified that he had not distributed or uploaded those materials. JSTOR then advised the government that we had no interest in further proceedings.

4. A grand jury proceeded to indict Mr. Swartz. Over the course of the investigation and prosecution, JSTOR received a number of subpoenas. We responded, as required under law, by producing certain JSTOR records. For the most part these records consisted of internal JSTOR emails documenting how the organization responded to the downloading events as they occurred. The names of approximately 25 JSTOR employees appear in these emails. Most of these individuals are employees who play no public role in the organization and who simply assisted with the response to the downloading events in the ordinary course of doing their jobs. JSTOR produced its records with the expectation that appropriate steps would always be taken by the parties to protect the privacy and security of JSTOR's employees in the event of any public use of the materials. I have reviewed the emails and believe their substance is clear even when names and identifying details of individuals are redacted.

5.     Since Aaron Swartz tragically took his own life in January, JSTOR has closely followed developments regarding the case.  We are aware that a committee of the U.S. House of Representatives has begun an investigation of this case and that MIT has begun an internal review.  JSTOR has cooperated with both the House and MIT inquiries.  Separate and apart from this motion, we plan to release our own documents in redacted form.  We are prepared to work with the committee on a case by case basis to address any need the committee feels to see redacted details.

6.     Although we are aware that one JSTOR employee has been identified by name in public filings by the U.S. Attorney's Office, this was done without JSTOR's knowledge or consent, and has been a source of concern to us.

7.     A number of events since Mr. Swartz's death have caused JSTOR and our employees to be concerned for their safety and privacy.  We are aware of public reports of the hacking of MIT's website and the website of the United States Sentencing Commission's website by the hacker collective "Anonymous."  (At an earlier point in the case, prior to Mr. Swartz's death, JSTOR itself received a threat from Anonymous.)  We also are aware of public reports of an anonymous call to MIT claiming that a gunman was on the campus to retaliate against people involved in Swartz's case.  Since Mr. Swartz's death, JSTOR has received a number of threatening emails and other online messages, which we are prepared to make available for the Court's review.

8.     JSTOR supports lifting the protective order in this case, in order to enable increased public understanding of the events in question.  To protect the privacy and safety of our employees in the event that the protective order in this case is modified, we

believe that the names and identifying details of JSTOR personnel should be redacted. A number of JSTOR personnel have spoken with me to express concern that their safety and privacy could be compromised if their names were released in connection with this matter. As President, I can state unequivocally that the organization and I fully share these concerns.

[signature page follows]

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of March 2013 in Denver, Colorado.

/s/ Kevin Guthrie

Kevin Guthrie

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 29, 2013, and paper copies will be sent to those indicated as non-registered participants below on March 29, 2013.

Dated: March 29, 2013                      /s/ Mark W. Pearlstein
                                                                Mark W. Pearlstein (BBO #542064)

### Non-Registered Participant

Massachusetts Institute of Technology:      Jonathan Kotlier
                                                                NUTTER MCLENNAN & FISH LLP
                                                                World Trade Center West
                                                                155 Seaport Boulevard
                                                                Boston, MA 02210