# EXHIBIT A

Plaintiff's Notice in Response to Orders Dated July 19 & 20, 2013

*Poulsen v. Dep't of Homeland Security*, C.A. No. 13-0496 (CKK)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEVIN POULSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 13-0498 (CKK) |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STATEMENT OF CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON REGARDING THE MOTIONS OF THE MASSACHUSETTS INSTITUTE OF TECHNOLOGY AND JSTOR TO INTERVENE AS DEFENDANTS**

Citizens for Responsibility and Ethics in Washington (CREW) seeks to offer its perspective as a frequent requester under the Freedom of Information Act (FOIA) on the severely detrimental impact intervention by the Massachusetts Institute of Technology (MIT) and JSTOR as party defendants would have not only on this case, but on the FOIA process as a whole. CREW is a non-partisan, non-profit ethics watchdog group that uses the FOIA frequently to gather information of interest to the public on the conduct of the federal government and federal officials. Many of CREW's requests seek information that implicates interests of third parties. For example, CREW currently has a number of FOIA lawsuits against the U.S. Department of Justice (DOJ) seeking information related to DOJ's criminal investigations of current and former members of Congress. In each of these cases, DOJ has withheld the requested information under FOIA exemptions 6 and 7(C), which protect the privacy of third parties. CREW has challenged those withholdings and DOJ has defended its withholding decisions with no participation by the third parties implicated by CREW's requests.

Allowing third parties to participate directly in FOIA litigation and to dictate the process and terms by which any release is made – the relief requested here – simply because MIT and JSTOR claim a potential interest in the information at issue would deprive FOIA requesters of the speedy access to documents the statute guarantees.  If third parties are permitted to exercise a veto over what the agency can release, well funded third parties could stall and tie FOIA litigation up for years, rendering the FOIA an ineffective tool to gain access to what our government is up to.  Beyond the legal flaws in the requests for intervention, policy reasons alone dictate the motions be denied.

The FOIA is grounded in the principle that prompt public disclosure of documents shedding light on what our government is up to furthers our democracy.  Toward that end, the statute imposes tight deadlines on agencies to respond to requests, provides for constructive exhaustion when agencies do not meet those deadlines, and cuts in half the time in which defendant agencies must respond to FOIA complaints in district court.  Just as significantly, the statute specifies the proper parties to any litigation under the FOIA:  the requester and the agency or agencies to which the request was made.  The underlying objective of these provisions is disclosure.  *See, e.g., Chrysler Corp. v. Brown*, 441 U.S. 281, 290 (1979); *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976).  Intervention in this action as party defendants by MIT and JSTOR would conflict directly with this objective, and would establish a process that would undermine completely the orderly administration of the FOIA.

This case involves a FOIA request to the U.S. Department of Homeland Security (DHS) by Kevin Poulsen for agency documents relating to Aaron Swartz.  In a status report filed with this Court on July 3, 2013 (Dkt. 10), DHS represented it was still processing the records, and expressed the hope it could complete that process by August 5.  In response, the Court issued a

minute order on July 5, 2013, directing DHS to promptly release to plaintiff on a rolling basis all responsive documents it has located to date and to continue producing additional responsive documents it locates on a rolling basis.  The Court stayed that order on July 19, 2013, based on the stated intent of MIT to intervene in this action, and on July 19, 2013, MIT filed its motion to intervene. JSTOR also moved to intervene as a defendant on July 19, 2013.  It is CREW's understanding to date Mr. Poulsen has neither received a single document from DHS nor any identification from DHS of any responsive information the agency is withholding.

As this procedural history makes clear, DHS has not yet completed its search for responsive records, much less made a determination about which documents it will release, which it is withholding, and why.  Indeed, DHS has yet to identify the entire universe of responsive documents.  Nevertheless, MIT now requests intervention to conduct a pre-disclosure review of any document DHS seeks to disclose in the future, a process that would require DHS to delay production of any document until MIT completes that review.  Further, MIT seeks the right to direct DHS to make additional redactions merely upon request, a step that would further delay disclosure of any document to Mr. Poulsen.  Finally, MIT seeks the right to delay even further any disclosure that does not fully meet MIT's redaction requests.  JSTOR, for its part, requests intervention to ensure pre-disclosure redaction of information it claims would threaten the safety and security of JSTOR and its personnel.

The FOIA simply does not, and should not, accommodate requests like that MIT and JSTOR have made here.  As the Supreme Court recognized in *Chrysler Corp. v. Brown*, the confidentiality afforded by the FOIA's exemptions serves "the a*gency*'s need or preference," not those of outside entities like MIT and JSTOR.  441 U.S. at 293 (emphasis in original).  Because through the FOIA "Congress did not limit an agency's discretion to disclose information . . . [i]t

3

necessarily follows that the Act does not afford [a private party] any right to enjoin agency disclosure," *id.* at 294, the relief sought here. In other words, the FOIA does not confer jurisdiction on a court to entertain claims under the FOIA of third parties.

Instead, as abundant case law makes clear, a third party seeking to block disclosure of information requested under the FOIA must resort to a "reverse FOIA" action brought under the Administrative Procedure Act (APA), and bear the burden of proof the APA imposes on plaintiffs. Moreover, like actions brought directly under the FOIA, reviewing courts resolve reverse FOIA actions in light of the FOIA's "basic policy" of "open[ing] agency action to the light of public scrutiny" and accord the FOIA's exemptions a "narrow construction." *Martin Marietta Corp. v. Dalton*, 974 F. Supp. 37, 40 (D.D.C. 1997) (quoting *U.S. Dep't of the Air Force v. Rose*, 425 U.S. 352, 373 (1976)). MIT and JSTOR's efforts to bypass the judicially recognized route for protecting the interests of outside entities implicated by FOIA requests cannot succeed, especially given the jurisdictional flaws in their motions identified by the Supreme Court in *Chrysler v. Brown*.[1]

Beyond the legal flaws in MIT's and JSTOR's motions, policy arguments strongly counsel against granting the requested intervention. It is entirely hypothetical at this point whether the interests they seek to protect will even be implicated by the FOIA, given DHS's failure to date to complete searching for and processing responsive records. Even more to the

---

[1] In any event, filing a reverse FOIA lawsuit under the APA is available only to entities that have exhausted administrative remedies. *See, e.g.*, *Doe v. Veneman*, 380 F.3d 807, 814-5 (5th Cir. 2004). Exhaustion here required MIT and JSTOR, as submitters of information, to invoke the DHS processes for designating information as confidential set forth at 6 C.F.R. § 5.8. These processes are intended to ensure timely notice of the agency's intent to release information, notwithstanding its designation as confidential, so that the submitters of the information can take appropriate measures to protect their interests. Neither MIT nor JSTOR invoked these procedures, which imposed the minimal burden of requiring them to designate any submitted information as protected from disclosure under the FOIA.

4

point, it is entirely hypothetical that resolution of any claims implicating the interests of MIT and JSTOR will require their participation at all.  DHS, a frequent FOIA defendant, is more than capable of defending the lawfulness of any exemptions it may invoke in the future.

Given the procedural posture of this case, intervention by MIT and JSTOR as party defendants, even if the FOIA permitted such an action – which it does not – would inject confusion and delay in a process intended to provide a FOIA plaintiff with prompt access to government documents.  Such a result runs directly contrary to the intent of Congress in enacting the FOIA:  providing a mechanism that allows the public ready and quick access to documents that explain what our government is doing and why.  Such intervention is particularly unwarranted given the availability of less intrusive measures available to both MIT and JSTOR, such as providing DHS with a declaration DHS can submit as part of its defense of any withholdings it decides to make.  That route would not unduly delay plaintiff's vindication of its rights under the FOIA, but would still provide MIT and JSTOR a vehicle by which to voice any legitimate concerns to the Court.

Moreover, if MIT and JSTOR are allowed to intervene here, the courthouse doors would be open to virtually any outside party claiming an interest in the subject matter of a FOIA request.  It is certainly not a unique situation where government documents requested under the FOIA implicate privacy and other interests of outside, non-governmental parties like MIT and JSTOR.  Congress recognized this reality when it included within the FOIA exemptions that protect those outside interests, such as Exemptions 6 and 7(C).  At the same time, however, Congress did not include a role in the FOIA process for those outside entities, leaving it instead to the agency to protect those interests in the face of a FOIA request.[2]  Indeed, even in the

---

[2] Of course, DHS supplemented the statutorily mandated processes through a regulation, 6 C.F.R. § 5.8, which affords submitters an opportunity to object to disclosure and triggers an

defense of withholdings under FOIA Exemption 4, which protects commercial and confidential business information submitted by outside entities, Congress left it to the agency alone to protect those interests and to defend any challenge to Exemption 4 withholdings.

Here, MIT and JSTOR have asked this Court to take an extreme step by allowing them to intervene as party defendants and to dictate the process and terms of any releases to the plaintiff. The FOIA does not sanction such relief, and policy arguments militate strongly against it. For all these reasons, CREW supports the plaintiff's opposition to the intervention of MIT and JSTOR.

      Respectfully submitted,

      /s/ Anne L. Weismann
Anne L. Weismann
D.C. Bar No. 298190
Melanie Sloan
D.C. Bar No. 434584
Citizens for Responsibility and Ethics
in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Telephone: (202) 480-5565
Fax: (202) 588-5020

Aweismann@citizensforethics.org

July 22, 2013

---

obligation on DHS to afford timely notice of receiving a FOIA request for the submitted information.