UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
KEVIN POULSEN                           )
520 Third Street, Suite 305             )
San Francisco, CA 94107                 )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Case No: 13-0498 (CKK)
                                        )
DEPARTMENT OF HOMELAND SECURITY         )
Washington, DC 20528,                   )
                                        )
        Defendant.                      )
_____ )

**NOTICE OF DEFENDANT'S POSITION ON THE ISSUES IDENTIFIED IN THE
COURT'S JULY 19, 2013 AND JULY 20, 2013 ORDERS**

On July 18, 2013, Massachusetts Institute of Technology ("MIT") filed a motion to

intervene in this FOIA case, and asked the Court to adopt a procedure that would permit MIT to

review records responsive to Plaintiff's FOIA request before DHS releases those records to

Plaintiff.  *See* Dkt. Entry No. 11.  On July 19, 2013 JSTOR moved to intervene in this same case,

and asked the Court to require that documents released in this FOIA case contain the same

redactions as criminal discovery documents from *United States v. Swartz*, No. 11-cr-10260-

NMG (D. Mass.) ("*Swartz*").  This Court's July 19, 2013 and July 20, 2013 Orders (Dkt. Entry

Nos. 15, 17) direct the parties to: (1) state their position on MIT's and JSTOR's proposed

intervention and request for pre-release review, and state whether they oppose the review

procedures that MIT and JSTOR proposed; (2) briefly explain the basis for any objections to

MIT's and JSTOR's request; and (3) provide their respective understanding about the extent to

which the documents at issue in this FOIA case may overlap with the criminal discovery

documents that are the subject of the *Swartz* protective order.  In accordance with those Orders,

Defendant states as follows:

1. *Defendant's Position On The Motions To Intervene:* Defendant consents to MIT's and JSTOR's request to intervene in this action.  Defendant reserves the right to challenge the interpretations of FOIA advanced in MIT's and JSTOR's respective intervention motions; it would be premature to take a position on those arguments at this stage of Defendant's review and processing of potentially responsive records.

2.

   a. *Defendant's Position Regarding MIT's Proposal for MIT Review*: With respect to agency records that the Secret Service identifies as responsive and intends to release to Plaintiff, Defendant does not oppose MIT's request to review and propose further redactions to redacted documents containing the following categories of information from documents that originate from MIT, discuss information obtained from MIT, or contain information regarding MIT employees or networks: (a) the names, job titles, departments, telephone numbers, email addresses, and other identifying information of MIT employees; (b) references to vulnerabilities in MIT's computer network security systems.

   b. *Defendant's Position Regarding JSTOR's Proposal for JSTOR Review:* With respect to agency records that the Secret Service identifies as responsive and intends to release to Plaintiff, Defendant does not oppose JSTOR's request to review redacted copies of and to propose additional redactions to JSTOR-related records.

3.

    a. *Defendant's Position On MIT's Proposed Review Process:* If the Court issues an Order staying Defendant's obligation to release all non-exempt responsive records pending the Court's resolution of any dispute among the parties regarding the scope of the relevant exemption(s) and the appropriateness of any proposed redactions, Defendant would not object to applying MIT's proposed review process to the agency records that the Secret Service already has identified as responsive (which Defendant intended to release to Plaintiff by July 19, 2013).  MIT's proposed review process appears to contemplate that the Secret Service will implement MIT's redactions even if the Secret Service does not share MIT's interpretation of FOIA. Defendant's FOIA obligations, however, would preclude it from agreeing to that aspect of the proposal absent a Court Order imposing that procedure.  Defendant believes that MIT's proposed approach is similar to the procedures typically followed in reverse-FOIA litigation.

    However, as JSTOR also may have edits to the release, Defendant does not believe that MIT's proposed five day period for the Secret Service to release the records to Plaintiff (after receiving the third party redactions) would provide sufficient time for the agency to review both parties' proposed redactions to the first batch of documents and determine whether those redactions provide information that would modify the agency's assessment of which FOIA exemptions may apply to each record; a ten (10) business day period would be preferable.

Although Defendant consents to applying the same general procedure to the agency records that the Secret Service currently is processing, it lacks sufficient information to consent to MIT's proposed timetable for the release of redacted records.  As part of its search, the Secret Service is reviewing approximately 8000 records to determine whether and to what extent they are responsive and/or covered by a FOIA exemption.  Consequently, it does not believe that five business days will afford the agency's FOIA staff sufficient time to review MIT's proposed redactions and release the records to Plaintiff. Defendant also notes that some of the documents maintained by the Secret Service may have originated with another federal agency or may contain information that originated with another federal agency.  In such a case, the Defendant will also be required to coordinate any release or redaction of such records with the other affected federal agency, thus further complicating this process.

b.   *Defendant's Position On JSTOR's Proposed Review Process:* Although Defendant does not oppose JSTOR's request to propose the redactions that JSTOR deems appropriate, it objects to JSTOR's proposed review process insofar as it does not allow a period for judicial review of any dispute that may arise between the parties concerning JSTOR's proposed redactions.

Defendant also objects to JSTOR's request for a Court Order directing that all redactions in this FOIA case mirror the redactions of the *Swartz* criminal discovery documents, because it would be premature to make that determination at this time.  Unlike the parties to *Swartz*, the Secret Service has

an obligation to release any responsive information that is not exempt under FOIA. The FOIA exemptions that protect the privacy interests of individuals identified in agency records may protect many of the same concerns discussed in the *Swartz* Memorandum and Order of May 13, 2013. But it would be premature to assume at this stage of the agency's review and release process that the *Swartz* redactions all comply with FOIA, given that the District of Massachussetts did not state that it was interpreting or applying FOIA when deciding how the criminal discovery materials should be redacted.

Defendant cannot consent to JSTOR's proposal that a timetable for release and redactions of all the relevant records be issued within ten days, because Defendant is still processing several thousand records, and cannot yet determine when it will have records ready for release, how many of those records will concern JSTOR and/or MIT, or how quickly it will be able to review JSTOR's proposed redactions; that assessment depends on the size and volume of records and the extent to which the proposed redactions may exceed the redactions the Secret Service already has made in accordance with FOIA. Defendant would not object to creating such a timetable for the release and review of the records that the Secret Service already has identified as responsive (which Defendant intended to release to Plaintiff by July 19, 2013).

4. *Defendant's Position Regarding Any Potential Overlap Between The Records:*

Defendant believes that there is a likelihood of overlap between the documents responsive to Plaintiff's FOIA request and the criminal discovery documents covered

by the *Swartz* protective order.  Given its understanding of the scope and nature of the *Swartz* documents, Defendant believes that some of the documents in its first partial rolling release of records to Plaintiff will contain some of the *Swartz* discovery documents that are subject to the *Swartz* protective order.  In addition, other documents in the first rolling release may not be exactly the same documents or same version of documents appearing within the *Swartz* discovery documents, but may nevertheless contain information that that is similar to the information in some of the *Swartz* discovery documents subject to the protective order.  Some of the information in those documents may raise many of the same concerns as those addressed in the *Swartz* Memorandum and Order; the Secret Service took (and will continue to take) those concerns into account when assessing whether information in its responsive records falls within any FOIA exemption, but recognizes that JSTOR and MIT wish to weigh in.  Defendant also anticipates that many of the remaining potentially responsive records which the Secret Service is processing are the same documents that are subject to the *Swartz* protective order.  Accordingly, as noted above, the Secret Service does not believe that providing the records from its proposed releases to MIT and JSTOR for pre-release review, pursuant to a Court Order, would compromise the interests of the Government.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. BAR #447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

6

_____/s/_____
PETER R. MAIER, D.C. Bar # 966242
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7185
Peter.Maier2@usdoj.gov

**Certificate of Service**

I hereby certify that I served the foregoing Notice on this 22nd day of July 2013 by the

CM/ECF system upon counsel for Plaintiff and counsel for MIT & JSTOR.


_____/s/_____
PETER R. MAIER, D.C. Bar # 966242
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7185
Peter.Maier2@usdoj.gov