# Exhibit B

# WILMERHALE

Laura Moranchek Hussain

+1 202 663 6853 (t)
+1 202 663 6363 (f)
laura.hussain@wilmerhale.com

July 26, 2013

**By E-mail and First Class Mail**

Mr. Jonathan Cantor
Acting Chief Privacy Officer/Chief FOIA Officer
The Privacy Office
U.S. Department of Homeland Security
245 Murray Lane Southwest
STOP – 0655
Washington, DC 20528-0655
jonathan.cantor@hq.dhs.gov

Mr. Stephen P. Heymann
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210
stephen.heymann@usdoj.gov

Ms. Latita Payne
FOIA Officer/Public Liaison
Unites States Secret Service
245 Murray Drive, Building 410
Washington, DC 20223
latita.payne@usss.dhs.gov

Re: 6 C.F.R. § 5.8(c) Designation and Request on Behalf of the Massachusetts Institute of Technology

Dear Sirs and Madam:

This letter constitutes a formal request and designation, on behalf of our client the Massachusetts Institute of Technology ("MIT"), that the Department of Homeland Security (the "Department") and its component the Secret Service afford MIT all of the confidentiality, notice and other protections that may be available under 6 C.F.R. § 5.8 and any similar applicable regulations with respect to all information and documents that MIT has submitted to the federal government in connection with the investigation and prosecution of Aaron Swartz. In particular, we request

WILMERHALE

July 26, 2013
Page 2

such protections with respect to the portions of such documents and information that either: (1) reflect the names or other personal identifying information for employees and other members of the MIT community or (2) reference or describe potential vulnerabilities in MIT's computer networks (collectively, the "MIT Confidential Information").

While the MIT Confidential Information represents only a small fraction of the documents and information that MIT submitted to the government in connection with the Swartz matter, and while MIT generally supports broad public disclosure of other information pertaining to the Swartz matter, MIT believes it is critically important that the Department take all reasonable steps to guard against disclosure of the MIT Confidential Information. As MIT has previously made clear, those steps should include permitting representatives of MIT, before the Department or any other component of the federal government discloses documents or information submitted by MIT to the government in connection with the Swartz matter, to expeditiously review and propose redactions to such records and information, so as to ensure the MIT Confidential Information is not disclosed.

As background for this formal request and designation, we note that over the course of several months in 2011, MIT submitted documents to the United States Secret Service and the United States Attorney's Office for the District of Massachusetts in connection with the government's investigation and prosecution of Mr. Swartz for allegedly illegal downloads of academic articles carried out using MIT's computer networks. As such, and because the release of the MIT Confidential Information could cause MIT harm if released, MIT qualifies as a "submitter" within the meaning of 6 C.F.R. § 5.8(b)(2).

We characterize this request and designation as "formal" because we believe that MIT has previously made it clear to the Department, the Secret Service, the Department of Justice and other components of the federal government that MIT expects and is entitled to the protections provided in 6 C.F.R. § 5.8 and/or similar protections with respect to the MIT Confidential Information. While not specifically referencing 6 C.F.R. § 5.8, MIT expressed such requests and expectations of confidentiality at the times when at least much of the documents and information in question were provided to the government.[1] In addition, MIT has expressed such requests and expectations more recently and more specifically in connection with activities

---

[1] A number of the documents submitted by MIT were in response to a grand jury subpoena; MIT thus requested "the same protections relating to confidentiality and non-disclosure that are routinely provided by the U.S. Attorney's Office for documents produced in response to grand jury subpoenas." See, e.g., February 4, 2011 Letter from MIT Office of General Counsel to Stephen P. Heymann. Still more of these documents were rightly understood by MIT to be protected from disclosure pursuant to protective orders entered by Judge Nathaniel Gorton of the United States District Court for the District of Massachusetts. See Protective Order, *United States v. Swartz*, 11-cr-10260 (D. Mass. November 30, 2011) (NMG) (enclosed as Exhibit A); Order, *United States v. Swartz*, 11-cr-10260 (D. Mass June 3, 2013) (NMG) (enclosed as Exhibit B).

WILMERHALE

July 26, 2013
Page 3

pertaining to the Swartz Estate's desire to disseminate documents that have been subject to the protective order in the case of *United States v. Swartz*, 11-cr-10260 (D. Mass.).

The immediate impetus for this formal request and designation are proceedings during the last several days in a Freedom of Information Act ("FOIA") lawsuit pending in the United States District Court for the District of Columbia before Judge Colleen Kollar-Kotelly, *Poulsen v. DHS*, No. 13-cv-498 (D.D.C.) (CKK). MIT has moved to intervene in that case for the limited purpose of protecting the confidentiality of the MIT Confidential Information without materially delaying disclosure to the plaintiff of other responsive information. During a hearing on July 23, 2013, regarding the question of intervention, Judge Kollar-Kotelly asked whether MIT had invoked the protections of 6 C.F.R. § 5.8 and counsel for the Department stated that he was unsure whether, in a case such as this, MIT is subject to "either the burdens or the benefits" of the regulation. In light of that question and that statement, MIT is now—a "reasonable time" after submission as permitted by 6 C.F.R. § 5.8(c)—submitting this formal request to confirm and restate its longstanding requests, expectation and intention to avail itself of all of the confidentiality, notice, review and other protections afforded to submitters under 6 C.F.R. § 5.8 and/or similar regulatory or administrative regimes.

MIT makes this formal request and designation out of an abundance of caution to remove any uncertainty whether MIT is entitled to and has fully availed itself of all potentially relevant administrative processes. MIT also makes this designation and request without prejudice or reservation to the protections afforded by the confidentiality typically attendant grand jury matters and court-ordered non-disclosure. Furthermore, to the extent that such notice is required by your office, MIT also hereby expresses its belief that MIT Confidential Information may be found in documents in the possession of the Department of Homeland Security not submitted by MIT. MIT therefore seeks the opportunity afforded by 6 C.F.R. § 5.8(f) to object to disclosure of the MIT Confidential Information under applicable FOIA exemptions whether or not the documents containing that information were originally submitted by MIT.

Thank you for your time and attention to this matter.

Best regards,

*Laura Hussain* /cs

Laura M. Hussain

Enclosures

WILMERHALE

July 26, 2013
Page 4


cc (with enclosures):

Mr. Jack W. Pirozzolo
First Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
jack.pirozzolo@usdoj.gov
(by email)

Mr. Peter R. Maier
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, DC 20530
peter.maier2@usdoj.gov
(by email)

Mr. Daniel F. Van Horn
Chief, Civil Division
United States Attorney's Office
555 Fourth Street, N.W.
Washington, DC 20530
daniel.vanhorn@usdoj.gov
(by email)

Ms. Robin Meriweather
Deputy Chief, Civil Division
United States Attorney's Office
555 Fourth Street, N.W.
Washington, DC 20530
robin.meriweather2@usdoj.gov
(by email)