**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

KEVIN  POULSEN                          )
                                        )
                     Plaintiff,         )
                                        )
         v.                             )        Case No: 13-0498 (CKK)
                                        )
                                        )
DEPARTMENT OF HOMELAND                  )
SECURITY,                               )
                                        )
                     Defendant.         )
_____ )


## DEFENDANT'S REPORT ON THE STATUS OF ITS REVIEW AND PROCESSING OF POTENTIALLY RESPONSIVE RECORDS

Defendant, the Department of Homeland Security, through undersigned counsel, submits this status report to respond to the questions posed in the Court's Minute Order.  As explained below, the volume of potentially responsive Secret Service records exceeds Defendant's prior estimate of 8000 pages, and the Secret Service's small FOIA staff will need a substantial amount of time to process those records.  Defendant cannot yet give a precise estimated date of completion because its search yielded potentially large electronic files that the Secret Service currently is unable to open, but Defendant anticipates that it will take at least six months to complete its FOIA processing and review.  Defendant proposes to make interim releases on a rolling basis, and to update the Court on the status of its FOIA processing every 45 days until the releases are complete.  Defendant has completed its review of the approximately 131 previously processed documents, and expects to promptly release to Plaintiff the 104 of those documents that do not reference or concern MIT, JSTOR, or their employees.

**A.     The Status And Expected Duration Of FOIA Processing**

The United States Secret Service ("Secret Service") employs less than 1,800 non-operational personnel service in administrative positions.  The Freedom of Information and Privacy Acts  ("FOI/PA") Office of the Secret Service, when fully staffed, recently had eleven (11) personnel who are assigned to redact and process FOIA requests, including reviewing documents to determine what, if any, information should be withheld under the FOIA.  Due to government-wide budgetary reductions, the Secret Service FOI/PA Office was forced to cut two staff positions which has left the FOI/PA Office with only nine personnel that are assigned to redact and process FOIA requests.

The Secret Service is currently processing three other voluminous FOIA requests which require the full-time, exclusive attention of two of the agency's nine FOIA processors.  In the case of one of these two requests, the FOIA processor has been working on it, full-time, for two years.  This leaves seven FOIA processors to complete the remaining FOIA requests which come to the office.

In fiscal year 2012, the Secret Service FOIA/PA Office received approximately 1,595 FOIA requests.  To date, for fiscal year 2013, the Secret Service FOIA/PA Office received approximately 1,138 FOIA requests. The Secret Service FOIA/PA Office, in one week, from July 15 – 19, 2013, received 234 additional FOIA requests. To date, the Secret Service FOI/PA Office has 1,001 pending FOIA requests.

The Secret Service has conducted a reasonable search for documents responsive to plaintiff's request and has expended extensive amount of time, and located thousands of pages of material responsive to plaintiff's request.  Many of these records exist on computer discs.  The computer discs contain several large computer files, databases, and/or logs.  At least one such

file, discovered on Tuesday, August 1, 2013, contains over 11,000 pages.  In addition, to date, the Secret Service has as of yet been unable to open several of these files, some of which appear to be even larger than the 11,000 page file.  At this time, the Secret Service continues to work to find a means to open these files.  Those files that have been opened appear to include a large amount of material that was produced by third parties in response to grand jury subpoenas.

In addition, records and materials came in through searches of various locations and medium.  Therefore, the Secret Service is attempting to locate duplicate material so as to limit the amount of material that will need to be processed.  The de-duplication process is a manual process which is very time consuming and requires attention to detail.

At this same time, the Secret Service is continuing to process documents as quickly as possible, by attempting to target records that would appear to be the most easily available for production and require the least redactions.  An example of this type of material would be photographs of items or places.

To date, the Secret service has identified approximately 14,500 potentially responsive pages of material. The Secret Service's best estimate is that the processing of all of the material responsive to Plaintiff's request would take at least six months.  Due to the volume of documents and the complexity of the located materials, the Secret Service seeks to conduct a rolling production of non-exempt information.  The Secret Service is seeking leave to update the Court every 45 days as to its progress in regard to this matter until the processing is complete.

**B.    The Number Of Previously Processed Records That Concern Or Reference JSTOR, MIT, and/or Their Employees.**

The Court directed Defendant to explain how long it would take to determine how many of the approximately 131 previously processed documents implicate the concerns raised by JSTOR and MIT's intervention motions.  The Secret Service has completed this process.  Of the

131 previously processed documents, 104 do not appear to contain any reference to MIT, to JSTOR, or to their employees.  Those 104 documents could be produced to Plaintiff immediately.

Of the remaining twenty-seven documents referencing or concerning MIT or JSTOR, eight specifically name MIT or JSTOR employees, and the Secret Service is awaiting the court's resolution of the dispute in regard to how and whether to allow MIT or JSTOR to review those records prior to release.  The Secret Service noted that it in regard to the eight documents that contain MIT or JSTOR employee names, those names and any personal information concerning MIT or JSTOR employees are being redacted  pursuant to 5 U.S.C. § 552 (b)(6) & (b)(7)(C).

None of the previously processed 131 documents contain any records that the Secret Service would deem to be protected under 5 U.S.C. § 552 (b)(4), and none have been marked as business records as described in 6 C.F.R. § 5.8.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. BAR #447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

BY:   /s/_____
PETER R. MAIER, D.C. Bar # 966242
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7185
Peter.Maier2@usdoj.gov