IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN POULSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 13-0498 (CKK) |
| ) | |
| DEPARTMENT OF HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION FOR AN ORDER
ESTABLISHING A DOCUMENT PROCESSING SCHEDULE**

In this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff Kevin Poulsen seeks disclosure of agency records maintained by the U.S. Secret Service, a component of defendant Department of Homeland Security ("DHS"), concerning the late Internet and technology activist Aaron Swartz. Plaintiff hereby respectfully requests entry of an order requiring DHS to process responsive records for release at a rate of 2400 pages every 30 days. In support of this motion, plaintiff states as follows:

1. Plaintiff submitted the FOIA request at issue in this action on January 14, 2013, and filed suit against DHS on April 12, 2013 (Dkt. No. 1).

2. DHS failed to answer the complaint in a timely manner, but instead moved for leave to file its answer out of time on June 20, 2013. In its motion, DHS stated its intent to make "an appropriate filing" that would address a proposed schedule for disposition of this case by July 3, 2013 (Dkt. No. 8). By minute order issued on June 20, 2013, the Court extended defendant's time to file its answer of other response to the complaint no later than August 5, 2013.

3. On July 3, 2013, DHS filed a status report in which it stated, *inter alia*, that "[a]lthough Defendant intended on June 20 to propose a schedule for disposition of the

case through the filing of a motion for summary judgment with an accompanying *Vaughn* index by July 3, it cannot do so now because it is still processing the records that may be responsive to Plaintiff's FOIA request." Dkt. No. 10.

    4. By minute order issued on July 5, 2013, the Court ordered DHS to file, no later than August 5, 2013, "a proposed schedule for further proceedings, including dates for: the completion of the release of all responsive documents; the production to Plaintiff of a *Vaughn* Index (if said *Vaughn* Index has not already been produced and/or filed); and a briefing schedule that reflects discussions with Plaintiff's counsel." The minute order continued:

> Further, the Court understands that Defendant has already gathered various records responsive to Plaintiff's request and is continuing to search for others. To the extent Defendant has not already done so, Defendant shall promptly release to Plaintiff all responsive documents that it has gathered thus far and shall continue to produce additional responsive documents that it locates on a rolling basis.

    5. On July 18 & 19, 2013, Massachusetts Institute of Technology ("MIT") and Ithaka Harbors, Inc. d/b/a JSTOR ("JSTOR"), filed motions to intervene in this action for the purpose of reviewing records responsive to plaintiff's FOIA request prior to their disclosure to plaintiff. Dkt. Nos. 11 & 16.

    6. On August 5, 2013, DHS filed its answer (Dkt. No. 27) and a status report (Dkt. No. 28), in which it stated, *inter alia*, that "the Secret Service has identified approximately 14,500 potentially responsive pages of material" and that "[t]he Secret Service's best estimate is that the processing of all of the material responsive to Plaintiff's request would take at least six months."

    7. On August 7, 2013, the Court issued a minute order which provided:

> [T]he Court hereby orders Defendant to file a status report with the Court every forty-five (45) days regarding the progress of its collection and processing of documents potentially responsive to Plaintiff's FOIA request

(including reviewing the documents for the applicability of FOIA exemptions). Accordingly, Defendant shall file its next status report on SEPTEMBER 23, 2013. Further, Defendant represents that it has completed its review of the 131 previously processed documents and has determined that 104 of those documents do not reference or concern MIT, JSTOR, or their employees. Accordingly, to the extent Defendant has determined that those 104 documents are not covered by any FOIA exemptions, Defendant shall promptly release those documents to Plaintiff. Further, Defendant shall continue to review all processed documents for the purpose of determining whether there are any additional documents that do not implicate any of MIT and/or JSTOR's asserted interests and shall produce those documents to Plaintiff on a rolling basis. With respect to those documents that do reference or concern MIT, JSTOR, or their employees, the Court does not intend to preclude Defendant from following its ordinary procedures regarding the review of material received by third parties, including, if Defendant deems appropriate, contacting those third parties pursuant to the procedures outlined in 6 C.F.R. § 5.8. However, the Court is not, at this time, ordering release of those MIT and/or JSTOR related documents.

8. On August 7, 2013, MIT and JSTOR moved to stay further proceedings on their pending motions to intervene (Dkt. No. 29), noting that "counsel for MIT, JSTOR, Plaintiff, and Defendant have initiated discussions to determine whether all parties may be able to stipulate to a process that will satisfy MIT and JSTOR's interests . . ., such that Plaintiff's request for documents under FOIA is not subject to further delay." MIT and JSTOR further noted that a stay was appropriate "[t]o allow those discussions to continue fruitfully without imposing undue burden on the parties or the Court . . ." The Court stayed further briefing on the intervention motions by order entered on August 8, 2013 (Dkt. No. 30).

9. On August 12, 2013, the Secret Service released to plaintiff 104 pages of material responsive to his FOIA request.

10. On August 14, 2013, counsel for plaintiff proposed to counsel for defendant that DHS agree to a processing schedule whereby the agency would agree to process

responsive material at a rate of 2400 pages each 30 days.  Counsel for plaintiff noted that such a schedule would conform with the agency's representation in its status report filed on August 5, 2013 (Dkt. No. 28), that "the Secret Service has identified approximately 14,500 potentially responsive pages of material" and that "[t]he Secret Service's best estimate is that the processing of all of the material responsive to Plaintiff's request would take at least six months."  Although counsel for DHS represented that the agency would consider the matter and respond to plaintiff's suggestion, to date the agency has not responded, despite several subsequent requests from plaintiff's counsel that it do so.

11.  Although counsel for plaintiff, MIT and JSTOR have engaged in discussions concerning a possible consent process whereby MIT and JSTOR might satisfy their concerns with respect to information possibly contained in the responsive records, no agreement has been reached.  Although counsel for DHS has been informed of the approach being discussed by plaintiff, MIT and JSTOR, to date counsel for DHS has not provided counsel for plaintiff any reaction to that approach.  In light of the foregoing, plaintiff has a well-founded concern that an agreement between the parties and MIT and JSTOR with respect to a pre-release review process might not be concluded in a timely manner.  As such, plaintiff seeks to ensure that the processing of responsive records proceeds in a structured manner while the pending discussions continue.  Plaintiff thus requests that DHS be ordered to process the responsive material at a rate of 2400 pages every 30 days, a processing rate that is consistent with the agency's representations concerning its capabilities.  Plaintiff further requests that the agency report to the Court at the conclusion of each 30 day processing period and identify the number of pages of material processed.  Disclosure of the material to plaintiff would be held in abeyance

pending resolution of the mechanics of any pre-release review of the material by MIT and JSTOR, should such review be agreed upon by the parties or ordered by the Court.

12.  As noted, counsel for plaintiff has been unable to ascertain the position of defendant DHS with respect to the processing schedule requested herein.  An appropriate proposed order is submitted herewith.

Respectfully submitted,

  /s/ *David L. Sobel*
DAVID L. SOBEL, D.C. Bar No. 360418
1818 N Street, N.W.
Suite 410
Washington, DC 20036
(202) 246-6180

Counsel for Plaintiff

5