IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN POULSEN <br> 520 Third Street, Suite 305 <br> San Francisco, CA 94107, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY <br> Washington, DC 20528, <br><br> Defendant. | Case No: 13-0498 (CKK) |

## STATUS REPORT

1. On August 7, 2013, the Court ordered Defendant, Department of Homeland Security, to file a status report with the Court every 45 days regarding the progress of its collection and processing of documents potentially responsive to Plaintiff's Freedom of Information Act ("FOIA") request (including reviewing the documents for the applicability of FOIA exemptions).  The Court also ordered that the Defendant release 104 documents that did not implicate JSTOR/MIT's asserted interests.

2. On August 12, 2013, the United States Secret Service ("Secret Service") released 104 pages of material to Plaintiff that were responsive to his FOIA request.

3. The Secret Service withheld 27 pages of responsive material because they reference or concern MIT or JSTOR.  The Secret Service will release these documents promptly after it has reached an agreement with MIT and JSTOR governing pre-release review and such review has been completed.

4. In addition to the material noted above, the Secret Service has identified materials from its Boston Field Office consisting of approximately 2,500 paper documents and 25 DVD discs that may be responsive to Plaintiff's FOIA request.

5. The Secret Service has also identified approximately 461 pages of potentially responsive material from other Secret Service offices and divisions that conducted searches pursuant to Plaintiff's request.

6. After identifying these materials, the Secret Service assigned two employees to review the 25 DVD discs to determine their contents, categorize what they contain, and identify any duplicate documents, videos, photographs, and grand jury material.

7. In addition, the Secret Service's Freedom of Information/Privacy Act Office assigned another employee to review and process documents potentially responsive to Plaintiff's request.

8. Other Secret Service employees have devoted significant time and effort to locate, identify, and process the requested documents. These include (1) employees from the Secret Service's Information Resources Division ("IRMD"), who have opened and identified files contained on the 25 DVD discs, (2) a special agent who had previously been assigned to the underlying criminal investigation, who has confirmed the identification of grand jury materials, and (3) a video production specialist, who helped prepare material for release.

9. The 25 DVD discs contain approximately 1,050 separate computer files. These files exist in multiple formats, vary in size and complexity, and are associated with multiple computer programs and computer languages.

10. Many of the 1,050 files were originated by third parties or imaged (copied) from personal computers belonging to third parties. The Secret Service has devoted significant time to

opening certain uncommon and/or large computer files created by third parties and to reviewing all these files.

11. Initially, the Secret Service could not open or identify 144 of the 1,050 files because they appear in uncommon formats.  While the Secret Service cannot now determine how many pages of material these files contain, they contain a total of approximately 329 kilobytes of data.  The Secret Service transferred these uncommon files to its IRMD to enable its technology specialists who have advanced computer training to attempt to open them.  IRMD categorized 138 of the 144 uncommon files into the following general groups: metadata, source code, application files, email files, and executable files.  Now that it has categorized these files, the Secret Service will begin evaluating and processing them to determine whether they contain information responsive to Plaintiff's FOIA request.

12. The Secret Service could not open the remaining six of these files, which appear to be corrupted.

13. Of the 1,050 files, five files were too large to be opened by the Secret Service's ordinary desktop computers.  These large files, which contain approximately 743 megabytes of data, were also sent to IRMD, which opened them using specialized computer equipment.  The Secret Service will now begin evaluating and processing these files to determine whether they contain information responsive to Plaintiff's FOIA request.

14. The Secret Service has been unable to calculate the length of certain of the 1,050 files because they do not appear in traditional word-processing formats.

15. The 1,050 files include some large files obtained from third parties through grand jury subpoenas.  At least one such file exceeds 10,000 pages.

16. Since its last status report, the Secret Service has identified for processing approximately 1,956 pages of new material along with 193 photographs and 17 videos.

17. Approximately 60 pages of these materials were duplicates and 18 pages were not responsive to Plaintiff's request. Approximately 1,878 pages plus 193 photographs and 17 videos are responsive to the FOIA request.

18. The Secret Service has identified approximately 1,700 pages of the estimated 1,878 pages of responsive materials as materials it received through a grand jury subpoena, and it is now reviewing these materials. It currently anticipates withholding these documents in whole or in part pursuant to Exemption 3 as records specifically exempted from disclosure by statute.

19. The Secret Service currently believes that some of the grand jury information it received from MIT or JSTOR is also exempt from disclosure under Exemption 4 of the FOIA. It is currently compiling these documents for review and comment by JSTOR and MIT.

20. Initially, the Secret Service organized, cataloged, and copied the videos and photos onto individual discs. Using one of its video production specialists, it has obscured the faces of individuals appearing in some of the videos digitally in order to protect their privacy in conformity with the FOIA,

21. These videos and photos may reference or concern MIT and/or JSTOR. Therefore, the Secret Service plans to release them promptly after the Plaintiff, the Secret Service, MIT, and JSTOR reach an agreement governing pre-release review by MIT and JSTOR , and review has occurred pursuant to that agreement.

22. The Secret Service has identified approximately ten pages of material in the remaining 178 pages of responsive material as originating from another federal agency. The Secret Service

will consult with that agency before fully processing these 10 pages. It will also follow that procedure for any other such documents.

23. The Secret Service anticipates that these 178 pages of material will be available for release prior to the next status update.

24. In its Status Report filed on August 5, 2013, the Secret Service stated that it could not "give a precise estimated date of completion" and that its "best estimate is that the processing of all of the material responsive to Plaintiff's request would take at least six months." The Secret Service now estimates that at least 24,000 pages of potentially responsive materials remain to be processed. This figure excludes the five files described in Paragraph 15 above that are too large to be opened by the Secret Service's ordinary desktop computers, and those materials that cannot be easily estimated because they do not appear in traditional word-processing formats. Based upon all of the information in this status report, the Secret Service estimates that processing the remaining documents will require at least another six months. Due to the volume and complexity of documents, the numbers in this status report are

approximations. If the Secret Service determines that these estimates are substantially inaccurate so as to require modification, it will notify the Court promptly.

                Respectfully submitted,

                RONALD C. MACHEN JR., D.C. BAR #447889
                United States Attorney

                DANIEL F. VAN HORN, D.C. Bar # 924092
                Chief, Civil Division

                _____/s/_____

                PETER R. MAIER, D.C. Bar # 966242
                Special Assistant United States Attorney
                555 Fourth Street, N.W.
                Washington, D.C. 20530
                (202) 252-2578
                Peter.Maier2@usdoj.gov

**Certificate of Service**

I hereby certify that I served the foregoing Status Report on this 23d day of September 2013 by the CM/ECF system upon the following:

>David L. Sobel, Esq.
>1818 N. Street N.W.
>Suite 410
>Washington, D.C. 20036
>
>Laura M. Hussain
>Wilmer Hale
>1875 Pennsylvania Avenue N.W.
>Washington, D.C. 20006
>
>Jesse Kagan
>Debevoise & Plimpton
>919 Third Avenue
>New York, NY 10022
>
>_____/s/_____
>PETER R. MAIER,
>D.C. Bar # 966242
>Assistant United States Attorney
>555 Fourth Street, N.W.
>Washington, D.C. 20530
>(202) 252-2578
>Peter.Maier2@usdoj.gov