IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN POULSEN,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 13-0498 (CKK) ) |
| **DEPARTMENT OF HOMELAND SECURITY,** | ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF AN AWARD OF ATTORNEY'S FEES AND COSTS**

By minute order dated July 27, 2015, the Court directed plaintiff to file a supplemental memorandum addressing the import of the D.C. Circuit's recent decision in *Eley v. District of Columbia*, No. 13-7196, 2015 U.S. App. LEXIS 11897 (D.C. Cir. July 10, 2015), with respect to plaintiff's pending motion for an award of attorney's fees and costs (ECF No. 57). Plaintiff's counsel was unaware of the Court of Appeals' decision at the time plaintiff's fee motion was filed, and apologizes to the Court for his oversight.

The issue in *Eley* was whether the district court erred in ordering the District of Columbia to pay attorney's fees based upon the Legal Services Index ("LSI") adjusted version of the *Laffey* matrix in a case brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. The D.C. Circuit began its analysis by emphasizing the language of the IDEA fee provision:

> An IDEA fee award "shall be based on rates *prevailing in the community* in which the action or proceeding arose for the *kind and quality* of services furnished." *Id*. § 1415(i)(3)(C) (emphases added by the court). Thus, if the court finds that "the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for *similar services* by attorneys of reasonably comparable skill, reputation, and experience," it "shall

>reduce . . . the amount of the attorneys' fees awarded." *Id*. § 1415(i)(3)(F)(ii) (emphasis added by the court).

2015 U.S. App. LEXIS 11897 at *2.

Given that statutory requirement, the court focused upon the adequacy of Eley's evidentiary showing and concluded that "[a]bsent from her submission . . . is evidence that her 'requested rates are in line with those prevailing in the community for *similar services*,' *i.e.*, IDEA litigation." *Id*. at *15-*16 (emphasis in original; citations omitted). While Eley had relied upon the LSI-derived *Laffey* matrix, the court of appeals noted the lack of record evidence "demonstrating that IDEA litigation is as complex as the type of litigation that supports the 'enhanced' hourly rates in the LSI *Laffey* Matrix." *Id*. at *16. Indeed, the "complexity" of IDEA litigation has long been raised in fee litigation under that statute, and "district judges in this circuit do not agree on whether *Laffey* rates for complex federal litigation should be imported to non-complex administrative litigation such as most IDEA cases." *Coates v. District of Columbia*, 2015 U.S. Dist. LEXIS 12187, *9 (D.D.C. Feb. 3, 2015).[1]

Here, in contrast, this Court has long recognized that Freedom of Information Act ("FOIA") litigation falls squarely within the class of cases for which *Laffey* rates are appropriate. *See, e.g., Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56 (D.D.C. 2013); *Nw. Coal. for Alts. to Pesticides v. EPA*, 421 F. Supp. 2d 123 (D.D.C. 2006). Indeed, in several recent cases, federal agency defendants (including the Department of Homeland Security) have agreed that *Laffey* rates are appropriate for FOIA litigation. *See, e.g., Am*.

---

[1] The D.C. Circuit noted that the magistrate and the district judge in *Eley* had reached conflicting conclusions on the question: "Because the *Laffey* Matrix was created for 'complex federal litigation in the District of Columbia' . . . the magistrate found the maximum *Laffey* rates 'not appropriate' for Eley's IDEA litigation." 2015 U.S. App. LEXIS 11897 at *11 (citations omitted).

*Immigration Council v. U.S. Dep't of Homeland Sec.*, 2015 U.S. Dist. LEXIS 28694, *28 (D.D.C. Mar. 10, 2015) (DHS "urge[d] the Court to look . . . to the *Laffey* Matrix maintained by the U.S Attorney's Office for the District of Columbia"); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 66 F. Supp. 3d 134, 155 (D.D.C. 2014) ("the parties agreed that attorney fees should be calculated using the *Laffey* Matrix of hourly rates"). *See also Elec. Frontier Found. v. Office of the Dir. of Nat'l Intelligence*, 2008 U.S. Dist. LEXIS 44050, *5 (N.D. Cal. June 4, 2008) (agency asserted "if the Court finds that plaintiff is entitled to an award of attorney's fees and costs, the Court should use the *Laffey* matrix to determine a reasonable award").

      Significantly, the D.C. Circuit emphasized in *Eley* that, "[w]e do not decide today whether IDEA litigation is in fact sufficiently 'complex' to use either version of the *Laffey* Matrix (and if so, which version of the *Laffey* Matrix is more appropriate)." 2015 U.S. App. LEXIS 11897 at *18 (footnote omitted). In so stating, the court made two things clear. First, *Laffey* rates are appropriate for "complex" litigation, a category that includes (as both this Court and the government have long recognized) cases brought under FOIA. Second, the court of appeals expressed no opinion as to "which version of the *Laffey* Matrix is more appropriate," and its analysis contains no discussion of the validity of the economic methodologies that underlie the two versions of the matrix.[2]

      In response to the Court's query, plaintiff submits that the appellate decision in *Eley* has no bearing upon the issues addressed in plaintiff's pending fee motion. Plaintiff cited the district court's opinion in *Eley* in his fee motion in support of his assertion that the LSI-derived *Laffey* matrix better reflects current market rates for complex federal litigation in the District of

---

[2] The court merely noted that "[c]ompeting updated *Laffey* Matrices have developed," and that "[b]oth have their benefits and limitations." *Id.* at *6. The court briefly reviewed the arguments for and against the different approaches, without expressing a preference for either one.

Columbia. Nothing in the court of appeals' recent decision suggests that the lower court opinion in *Eley* was flawed with respect to that issue. Indeed, as noted, the D.C. Circuit expressly declined to consider the relative merits of the "competing" matrices. The conclusion that the LSI-derived matrix is based upon a more accurate economic methodology is not unique to the district court opinion in *Eley*; plaintiff cited several opinions, dating back to 2000, that considered the merits of the competing approaches and concluded that the LSI-based approach was a more reliable measure of inflation with respect to the cost of local legal services. *See, e.g.*, *Salazar v. District of Columbia ("Salazar I")*, 123 F. Supp. 2d 8, 11-15 (D.D.C. 2000); *Smith v. District of Columbia*, 466 F. Supp. 2d 151, 156 (D.D.C. 2006); *Salazar v. District of Columbia ("Salazar II")*, 750 F. Supp. 2d 70, 73 (D.D.C. 2011); *Salazar v. District of Columbia ("Salazar III")*, 991 F. Supp. 2d 39, 47 (D.D.C. 2014); *Citizens for Ethics and Responsibility in Washington v. Dep't of Justice*, 2014 U.S. Dist. LEXIS 182097, *25 (D.D.C. Oct. 24, 2014).[3]

Lest there be any doubt as to the reasonableness of the rates requested here, plaintiff submits herewith the declaration of David K. Colapinto, a District of Columbia practitioner with 27 years of experience handling complex federal litigation, including cases brought under FOIA. Declaration of David K. Colapinto, ¶¶ 5, 13. Mr. Colapinto attests to the fact that his law firm

---

[3] In *Eley*, the D.C. Circuit noted that, in *Covington v. District of Columbia*, 57 F.3d 1101, 1110 (D.C. Cir. 1995), it held that plaintiffs met their burden of establishing the reasonableness of their requested rates.

> We so held because the plaintiffs submitted not only "data demonstrating their attorneys' experience in the legal profession and in litigating complex federal court cases, as well as information probative of their attorneys' skill and reputation," they also submitted "a great deal of evidence regarding prevailing market rates for complex federal litigation," including "the *Laffey* matrix, the U.S. Attorney's Office matrix, affidavits attesting to increases in the market rates since the original *Laffey* matrix" *and, importantly, "memorandum opinions in district court cases which relied on these matrices*."

2015 U.S. App. LEXIS 11897, *14-15 (emphasis added; citations omitted).

"bases its fee structure in large part on the *Laffey* Matrix, as adjusted for inflation using the method approved by the court in S*alazar v. District of Columbia*, 123 F. Supp. 2d 8, 13 (D.D.C. 2000)." *Id*., ¶ 14.  The firm's fees, for senior partners with "thirty plus years" experience, are $995.00/hour, and "[c]lients who have the means to pay the firm's standard market rates are required to pay those fees, and they do, in fact, pay those fees." *Id*., ¶¶ 15-17.  Mr. Colapinto further states that, "[b]ased on more than 25 years experience litigating whistleblower and employment cases and also litigating claims arising under the FOIA and Privacy Acts I can attest that FOIA litigation is complex civil litigation." *Id*., ¶ 21.  Finally, Mr. Colapinto attests to the experience and reputation of plaintiff's counsel.  *Id*., ¶¶ 23-25.[4]

## Conclusion

The LSI-derived *Laffey* rate is the appropriate indicator of prevailing market rates for complex federal litigation, and the court of appeals' recent decision in *Eley* does not hold, or even suggest, otherwise.


Dated:  July 24, 2015                                                  Respectfully submitted,


   */s/ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418
5335 Wisconsin Ave., N.W., Suite 640
Washington, DC 20015

---

[4]  The fee structure employed by Mr. Colapinto's firm is more granular than the *Laffey* matrix, establishing different rates for attorneys with experience levels of 20-24 years, 25-29 years, and 30 or more years, as opposed to the highest level of 20 or more years under *Laffey*.  *See id*., ¶ 15.  Under his firm's structure, according to Mr. Colapinto, plaintiff's counsel would have a current rate of $995.00/hour.  *Id*., ¶ 26.  Plaintiff here seeks only the lower rate, based upon the highest *Laffey* experience level (20+ years), as previously awarded to counsel, *see, e.g.*, *Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 2014 U.S. Dist. LEXIS 182098 (D.D.C. Aug. 4, 2014) (counsel sought, and was awarded, LSI-derived *Laffey* rate of $771.00/hour for work performed in 2013).

(202) 246-6180

Counsel for Plaintiff